UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ABRAHAM SALAMANCA,<br><br>Defendant. | No. 2:09-CR-2074-LRS-1<br><br>MEMORANDUM OPINION |

This matter comes before the Court on the United States Probation Office's Petitions to Revoke Supervised Release filed June 29, 2016 and July 28, 2016. The court held a revocation hearing on August 11, 2016. Defendant was represented by Rick Hoffman and Assistant United States Attorney Thomas Hanlon appeared for the Government.

Defendant had three pending violations based upon the failure to report as directed to his Probation Officer (despite numerous efforts to contact him), the failure to submit to random urinalysis testing on June 17 and 24, 2016, and his admission he had consumed methamphetamine and cocaine on or about July 26, 2016. The court determined that the Defendant had committed a violation based upon the Defendant's admission he had consumed methamphetamine and cocaine.

ORDER - 1

The court reviewed the violation report, heard oral argument, and carefully considered the policy statements of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a). For the reasons stated at the hearing, the court concludes that a sentence of 6-month imprisonment and 30 months supervised release best reflects the statutory purposes of sentencing and supervised release.

On September 13, 2010, the court sentenced Defendant to a 55 month term of imprisonment followed by 3 years of supervised release for selling stolen firearms and cocaine at his residence to an informant, a convicted felon and gang member. Defendant entered pleas to two of 12 counts charged in the Superseding Indictment (Distribution of a Controlled Substance, Cocaine, and Unlawful Sale of a Firearm) pursuant to a Rule 11(c)(1)(C) plea agreement, which was accepted by the court. The Defendant had no criminal history – no arrests or convictions. At age 23, this was the Defendant's first conviction. At counsel's request, the Presentence Report author did not interview the Defendant about potential history of substance abuse issues. (ECF No. 402, ¶ 149).

Defendant's term of supervised release commenced on August 30, 2013 and was to expire in August 2016, this month, despite prior non-compliant behavior with the terms of supervision. On December 22, 2014, the Defendant admitted to five violations including failing to report he quit his employment, failing to report as directed, failing to submit to urinalysis, and testing positive for cocaine,

ORDER - 2

methamphetamine, and marijuana. The court allowed him time to complete an inpatient drug and alcohol treatment program at James Oldham Treatment Center and an aftercare program. The court then accepted the joint recommendation from the parties for the imposition of *no* penalty for his five violations, giving the Defendant a second chance to comply with the requirements of supervised release.

Unfortunately, Defendant squandered this second chance. Defendant's admission to the continued use of controlled substances informs the court that he is not yet fully committed to leading a law-abiding life or to his sobriety. At the hearing, the Defendant urged the court for a lenient revocation sentence because he was approaching the end of his term and other offenders with more violations received lesser penalties. To downplay the seriousness of the violation would be a disservice to the Defendant and the community. The Defendant's failure to respect the conditions of his supervised release, despite U.S. Probation's attempt to help him, is particularly concerning given the seriousness of his underlying offense involving the sale firearms and distribution of the same drugs he admits he is presently using. This court's prior leniency did not motivate full compliance.

Both the United States and the U.S. Probation Office recommended a sentence of 6-month imprisonment followed by an extended term of supervision. In light of the violation record and the Defendant's continuing drug use, the court agrees with the recommendation. The court's sentence of a mid-range term of imprisonment

followed by an extended period of supervised release, along with special conditions, is consistent with the goals of helping rehabilitate the Defendant, reducing recidivism, and increasing public safety.

The Defendant's relatively young age, family, and lack of criminal history gives the court hope that he will take seriously the necessary commitment to full compliance with *all* supervision restrictions. This court may terminate an offender's term of supervision "at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1). It is not unrealistic for Defendant to set the possibility of early release from supervised release as an attainable goal if he changes his conduct and works to stay within the law.

The Clerk of the Court shall enter this Order and furnish copies to counsel.

DATED this 16th day of August, 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4